Geoffrey Varga,

    Plaintiff,

             Civ. No. 12-3180 (RHK/JJK)
             **ORDER**

v.

U.S. Bank National Association,

    Defendant.

---

   This matter is before the Court *sua sponte.*

   Plaintiff Geoffrey Varga is the liquidator of two offshore hedge funds that suffered over $700 million in losses in the Tom Petters Ponzi scheme.  He commenced this action in the Hennepin County District Court in December 2012 against Defendant U.S. Bank National Association ("U.S. Bank"), which processed many of the fraudulent transactions in question.  He claims that the bank entered into a civil conspiracy and aided and abetted breaches of fiduciary duty by (purportedly) failing to inform the funds about the questionable nature of the transactions.  Invoking diversity jurisdiction, U.S. Bank timely removed the action to this Court, and on January 17, 2013, it moved to dismiss, noticing its Motion for a hearing on April 18, 2013; it argued *inter alia* that Varga had failed to adequately allege facts showing the existence of a conspiracy or that the bank had any knowledge of wrongdoing.

   On March 28, 2013, Varga filed an Amended Complaint, with U.S. Bank's consent.  (See Doc. Nos. 17, 27.)  That same day, he filed a short opposition to the

Motion to Dismiss (Doc. No. 28), arguing that the Motion was rendered moot by the amendment. The Court agrees. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000); accord, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). Accordingly, when a plaintiff files an amended complaint in response to a motion to dismiss, the motion is rendered moot. E.g., Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); Merritt v. Fogel, 349 F. App'x 742, 745 (3rd Cir. 2009) (*per curiam*); McCormack v. United States, No. 4:10-CV-1068, 2011 WL 2669447, at *3 (E.D. Mo. July 7, 2011); Doe v. Bd. of Regents of Univ. of Neb., No. 8:10CV85, 2010 WL 3312514, at *1 (D. Neb. Aug. 17, 2010). If U.S. Bank believes that certain of the claims in the Amended Complaint fail, it must file a new motion aimed at that pleading.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that U.S. Bank's Motion to Dismiss (Doc. No. 15) is **DENIED AS MOOT**, without prejudice to filing a motion to dismiss the Amended Complaint. The hearing on the Motion to Dismiss, currently scheduled for April 18, 2013, is **CANCELED**.

Dated: April 1, 2013                  s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge